

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00491-CV

William M. **COLLINS** and Patricia Collins,
Appellants

v.

Dr. Oliver **WILLIAMS**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 13648
Honorable N. Keith Williams, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:     Karen Angelini, Justice
             Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice

Delivered and Filed:  May 6, 2015

AFFIRMED

William and Patricia Collins appeal the trial court's order striking their pleadings and entering a take nothing judgment. The pleadings were stricken as a sanction for appellants' failure to timely respond to discovery after the trial court entered a prior order granting a motion to compel. On appeal, the appellants contend the trial court abused its discretion by: (1) granting "death penalty" sanctions; and (2) previously ordering the appellants to pay a $300.00 sanction. We affirm the trial court's order.

## BACKGROUND

The appellants initially filed a lawsuit against the appellee, Dr. Oliver Williams, in September of 2011, asserting claims relating to a joint venture formed to improve real property. On October 30, 2013, the trial court dismissed that lawsuit for want of prosecution. Five days later, the appellants refiled the lawsuit on November 4, 2013.

On November 27, 2013, Williams served discovery on the appellants. The discovery included a request for production. Although the appellants filed a motion for protective order regarding the discovery, the appellants never set their motion for a hearing.

On January 17, 2014, Williams filed a motion to compel answers to discovery and a motion for a protective order against discovery propounded by the appellants. The trial court signed an order on February 19, 2014, setting the motions filed by Williams for a hearing to be held on March 10, 2014. At the hearing, the trial court also considered the motion for protective order filed by the appellants. After the hearing, the trial court signed an order denying the appellants' motion for protective order but granting Williams's motion to compel. The order required the appellants to serve their responses to Williams's request for production by April 1, 2014. The order also required appellants and their attorney to pay Williams's "reasonable attorney's fees in the amount of $300.00 incurred in the preparation of and hearing of [Williams's] Motion to Compel Answers to Discovery." The order required the $300.00 to be paid by May 10, 2014.

On April 1, 2014, the parties entered into a Rule 11 agreement, extending the deadline for the discovery responses to April 4, 2014. On April 4, 2014, appellants served Williams's attorney with a response to the request for production. Although the response stated the appellants were providing "the attached documents," no documents were attached. Williams's attorney asked the secretary who delivered the response about the absence of the documents, and the secretary stated she did not have any documents. Williams's attorney wrote, signed, and dated a note at the bottom

of the response stating that no documents were attached, and he gave a copy of the note to the secretary.

On May 19, 2014, Williams filed a motion to strike the appellants' pleadings, asserting no documents were attached to the discovery response served on April 4, 2014, and appellants' and their attorney also failed to pay the $300.00 sanction. The motion contained a certificate of service stating the motion was mailed to appellants' attorney on May 19, 2014. On May 28, 2014, the trial court signed an order setting the motion to strike for a hearing to be held on June 9, 2014.

On June 4, 2014, appellants served Williams's attorney with another response to the request for production which contained twenty-eight requests. The response stated, "Plaintiff, Bill Collins, provides the attached documents to the Request for Production and Inspection of Documents" and handwritten at the bottom of the page was "Document Sections: #1, #2, #3, #5, #6, #9, #11, #12, #16 and #28." This handwritten note did not appear on the first response served on April 4, 2014.

On June 5, 2014, the appellants filed an objection to Williams's motion to strike, asserting appellants' attorney "was unaware until advised of a court setting that the documents were not delivered to Defendant." The objection further stated, "The attorney's fees have not been paid by Plaintiffs because of the health problems of Plaintiff Bill Collins, and the personal situation of Plaintiff's counsel."

At the hearing on Williams's motion to strike, Williams's attorney noted the prior lawsuit was dismissed for want of prosecution. Williams's attorney also noted that the response to the request for production served on June 4, 2014, still failed to comply with the discovery rules. Williams's attorney further noted that the $300.00 sanction had not been paid.

The appellants' attorney responded the $300.00 sanction had not been paid because he believed the appellants were sanctioned for requesting a protective order, and he intended to appeal

the sanction.[1] The appellants' attorney also stated that his secretary did not show him the note William's attorney had written on the first response, and he only discovered the documents were not delivered upon his receipt of the trial court's order setting the motion to strike for a hearing. The appellants' attorney stated the secretary was given "an entire stack of documents to hand-deliver," and he believed she had delivered the documents.

At the conclusion of hearing the trial court granted the motion to strike. The trial court's order contained findings of fact and conclusions of law, and the appellants timely appealed the order.

## STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a motion for discovery sanctions under an abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). A trial court abuses its discretion if it acts without reference to any guiding rules and principles, and a trial court's ruling should only be reversed if it was arbitrary or unreasonable. *Id*. at 838-39.

"Our discovery rules provide a variety of sanctions for discovery abuse." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 184 (Tex. 2012); *see generally* TEX. R. CIV. P. 215. "Sanctions are used to assure compliance with discovery and deter those who might be tempted to abuse discovery in the absence of a deterrent." *Cire*, 134 S.W.3d at 839.

Any sanction imposed by a trial court must be "just," and the Texas Supreme Court has identified two factors that "mark the bounds of a 'just' sanction." *Paradigm Oil, Inc.*, 372 S.W.3d at 184. "First, a direct relationship between the offensive conduct and the sanction imposed must exist." *Id*. "Second, the sanction imposed must not be excessive." *Id*. "The most extreme sanctions are also limited by due process considerations." *Id*. "Thus, a death-penalty sanction

---

[1] We note this statement is inconsistent with the reason given in the objection appellants filed in response to the motion to strike.

cannot be used to adjudicate the merits of claims or defenses unless the offending party's conduct during discovery justified the presumption that its claims or defenses lack merit." *Id*. "[I]f a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit and dispose of it." *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991).

### $300.00 SANCTION

In their second issue, appellants contend the trial court abused its discretion in ordering them and their attorney to pay $300.00 as a sanction in the initial order granting Williams's motion to compel. Appellants mistakenly believe they were sanctioned for seeking a protective order. The trial court's order, however, clearly states that the $300.00 sanction represented the reasonable attorney's fees Williams incurred in the preparation of and hearing of his motion to compel. Rule 215.2(b)(8) permits a trial court to sanction a party who fails to comply with proper discovery requests by requiring the disobedient party and the attorney advising him to pay reasonable expenses, including attorney's fees. TEX. R. CIV. P. 215.2(b)(8); *see also Cire*, 134 S.W.3d at 839 (listing available sanctions for failure to comply with a discovery request); *Khan v. Valliani*, 439 S.W.3d 528, 533 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (stating trial court may order attorney's fees as a sanction for failing to comply with proper discovery request). Accordingly, the trial court acted in accordance with the guiding rules and principles in imposing the $300.00 sanction.[2]

---

[2] Appellants' brief states the $300.00 sanction "was withdrawn, and the death penalty sanctions the subject of this appeal were substituted in its place." The trial court's final order, however, grants Williams a judgment against the appellants "in the amount of $300.00 representing the attorney's fees the [appellants] were ordered to pay to Defendant's attorney on or before May 10, 2014."

**"DEATH PENALTY" SANCTIONS**

In their first issue, appellants contend that trial court abused its discretion in imposing "death penalty" sanctions because their only violation of the discovery rules was the result of an "administrative error."  In their brief, appellants assert the error was not discovered until their attorney received the motion to strike on May 23, 2014.[3]  Appellants further assert, "The administrative error on the response to the request for production was essentially concealed from [appellants'] counsel, by actions of the temporary help in quitting without notice, and without advising counsel of the problem, and the actions of Defendant's counsel in keeping quiet, and not even calling or writing [appellants'] counsel a letter to give him notice."  Finally, appellants assert the response that was ultimately served contained "no substantive error" or "substantive compliance issue."

At a sanctions hearing, the trial court is entitled to judge the credibility and weight of the evidence.  *See JNS Enter., Inc. v. Dixie Demolition, LLC*, 430 S.W.3d 444, 454-55 (Tex. App.—Austin 2013, no pet.).  In this case, the procedural history of the case could have caused the trial court to question whether an "administrative error" occurred.[4]  Even if the trial court believed such an error did occur, the trial court also was required to consider whether the response filed before the hearing on the motion to strike complied with the discovery rules.  Although appellants assert in their brief that the response contained "no substantive error," Williams's attorney noted the inadequacy of the response at the hearing, arguing:

> And, of course, the Court and the Plaintiffs' attorney, who is a well-seasoned trial attorney, knows that under Rule 196 the response to the request for production either — you either state your objections, that the documents are complying with the request and the documents are attached, or you — as to those

---

[3] We note this statement is inconsistent with the statement by appellants' attorney at the hearing that he was unaware of the error until he received the trial court's order setting the motion for a hearing.

[4] For example, the trial court was required to weigh the handwritten note on the June 4, 2014, response, identifying the requests for which documents were attached, which was absent from the April 4, 2014 response.

> you're not producing any documentation for, you're to identify or indicate that there aren't any items that have been identified after there's been a diligent search.
>
> So even after all of this time, which is more than six months after the request for production was sent to the Plaintiffs' attorney, we still do not have a proper response, and I feel that, as I mentioned before, the Court had imposed lesser sanctions on March the 10th and the order still has not been complied with. We still have not received the $300, in addition, and we feel that the sanctions are appropriate that the Court would strike the pleadings of the Plaintiffs.
>
> Judge, I also want to point out that under Rule 215, that it states that "For purposes of this" subsection, "an evasive or incomplete answer is to be treated as a failure to answer."

*See* TEX. R. CIV. P. 196.2(b)(4) (providing responding party must state, as appropriate that "no items have been identified — after a diligent search — that are responsive to the request"); TEX. R. CIV. P. 215.1(c) (providing "evasive or incomplete answer is to be treated as a failure to answer").

In deciding to grant the motion to strike, the trial court considered that a prior lawsuit filed by the appellants asserting the same claims was pending for two years before it was dismissed for want of prosecution. After the first hearing regarding appellants' failure to comply with Williams's discovery request, the trial court imposed a lesser sanction, requiring appellants and their attorney to pay a $300.00 sanction. Even if the trial court believed appellants' attorney was unaware that the documents were not delivered pursuant to the trial court's order granting the motion to compel, appellants concede in their brief that their attorney knew on May 23, 2014, that the documents were not delivered. However, the documents still were not delivered until June 4, 2014, which was twelve days after the attorney had notice, seven days after the trial court signed an order setting the motion to strike for a hearing, and five days before the hearing. Furthermore, the trial court found the response that was finally served still did not comply with the discovery rules. Finally, appellants and their attorney never paid the $300.00 sanction. Given the procedural history of the case, and the trial court's prior imposition of lesser sanctions, we hold the trial court did not abuse its discretion in granting the motion to strike.

## CONCLUSION

The trial court's order is affirmed.

Marialyn Barnard, Justice